# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.  1:13-cv-01484-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED** |
| v. | |
| PARAMPAL SINGH, | **OBJECTIONS DUE:  14 DAYS** |
| Defendant. | (Doc. No. 10 ) |
| _____/ | |

## I.   INTRODUCTION

On February 6, 2014, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a Motion for Default Judgment against Defendant Parampal Singh ("Defendant"), individually and doing business as McHenry's Bar & Restaurant. (Doc. 10.)  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 302 of the Local Rules for the United States District Court, Eastern District of California.   The Court reviewed the motion and supporting documentation and determined the matter is suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the hearing on the motion was vacated.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on September 13, 2013. The complaint alleges violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq*. (Doc. 1.) The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of "*Ultimate Fighting Championship 152: Jon Jones v. Vitor Belfort*" (the "Program"), which was telecast nationwide on September 22, 2012. (Doc. 1, ¶¶ 14, 17-18.) According to the complaint, Plaintiff was the exclusive commercial distributor of the Program. (Doc. 1, ¶ 14.)

Count I of the complaint asserts a violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleging Defendant knowingly intercepted, received, and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. (Doc. 1, ¶¶ 13-18.) Plaintiff seeks $110,000 in statutory damages as well as attorney's fees and costs. (Doc. 1, ¶ 22.) Count II alleges a violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) based upon the same allegations. (Doc. 1, ¶¶ 23-27.) Plaintiff requests $60,000 in statutory damages, as well as attorney's fees and costs. (Doc. 1, ¶ 27.) Count III states a claim for conversion alleging that Defendant tortiously obtained possession of the Program and wrongfully converted it for his own benefit. (Doc. 1, ¶¶ 28-31.) As to Count III, Plaintiff seeks compensatory damages, exemplary damages, and punitive damages. (Doc. 1, ¶ 31.) Count IV of the complaint alleges a violation of the California Business & Professions Code § 17200, *et. seq*. (Doc. 1, ¶¶ 32-41.) As to Count IV, Plaintiff seeks restitution, declaratory relief, injunctive relief, attorney's fees, and costs of suit. (Doc. 1, p. 10.)

On December 9, 2013, the summons was returned showing that Defendant was served with the summons and a copy of the complaint on November 29, 2013, via substitute service pursuant to Federal law. (Doc. 5.) Defendant failed to respond to the complaint or otherwise make an appearance. On January 6, 2014, pursuant to Plaintiff's request, the Clerk's Office entered default against the Defendant. (Docs. 14, 22.) On February 6, 2014, Plaintiff filed this motion for default judgment against Defendant. (Doc. 15.) Defendant has not opposed the motion.

## III.  DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered as follows:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
>
> (A)  conduct an accounting;
> (B)  determine the amount of damages;
> (C)  establish the truth of any allegation by evidence; or
> (D)  investigate any other matter.

Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Dundee Cement Co. v. Highway Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

**B.  Analysis**

Service of the summons and complaint in this action was made on Defendant by substitute service pursuant to Federal law on November 29, 2013 (Doc. 5), but Defendant failed to respond to the complaint or otherwise appear in the action. The Clerk of the Court entered default against Defendant on January 6, 2014.  (Doc. 7.)  Defendant is not an infant or an incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  (Riley Decl., Doc. 10-2, ¶ 3.)

In its motion, Plaintiff seeks default judgment and an award of damages against the Defendant pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) (statutory damages) and 47 U.S.C. § 605(e)(3)(C)(ii) (enhanced statutory damages) in the amount of $110,000 for unlawfully intercepting, receiving, and exhibiting the Program on September 22, 2012.  (Doc. 10.)  Plaintiff

1  also seeks damages in the amount of $1,600 for its state law conversion claim.  (Doc. 10.)

### 1.     Application of the *Eitel* Factors

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Plaintiff's request for default judgment meets these factors.

Plaintiff would suffer prejudice if the Court does not enter default judgment because the Defendant has refused to participate in this litigation, and Plaintiff would have no other means of recovery.  *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

Plaintiff's complaint properly alleges the necessary elements of each cause of action against Defendant, which satisfies the second and third factors – the merits of the substantive claim and the sufficiency of the complaint.  To state a claim for an alleged violation of Section 605, the plaintiff must plead that the defendant received, assisted in receiving, or transmitted the plaintiff's satellite transmission without authorization.  *See DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008).  Plaintiff's complaint sets forth these allegations.  (Doc. 1, ¶ 14, 18 (Plaintiff alleges that it was "as granted the exclusive nationwide commercial distribution (closed-circuit) rights to [the Program]" and that Defendant "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at his commercial establishment in Modesto, California.")

Plaintiff also properly pleads a claim for conversion, of which the elements are "the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages."  *Greka Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1581 (2005).  Plaintiff's allegations that it had the right to possession of the property at the time Defendant allegedly intercepted and displayed it

at his establishment, that Defendant did not legally purchase the Program, and that exhibition of the Program in Defendant's establishment on September 22, 2012, constituted conversion by a wrongful act or disposition of property rights sufficiently pleads a claim for conversion under California law. (Doc. 1, ¶¶ 14, 17, 30-31.)[1]

The fourth *Eitel* factor, the sum of money at stake, also weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff seeks an award of $10,000 for statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), enhanced statutory damages in an amount subject to the Court's discretion not to exceed $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,600 for conversion damages. Under the applicable statute, Plaintiff is entitled to seek a substantial amount in damages. Given that Congress expressly permitted a court to award statutory damages up to $110,000 per act of piracy pursuant to Section 605, it is incongruent to determine that the statutory damages requested are an unreasonably large sum that should not be awarded in default judgment; certainly Congress envisioned circumstances where the imposition of maximum statutory damages would be reasonable. Additionally, as set forth below, the actual award recommended by this Court is not of such an amount as to weigh against entry of default judgment. *See Joe Hand Promotions, Inc. v. Elk's Lodge Coalinga 1613*, No. 1:12-cv-01998-LJO-MJS, 2013 WL 5532043 (E.D. Cal. Oct. 7, 2013) report and recommendation adopted as modified, No. 1:12-cv-01998-LJO-MJS, 2013 WL 5969713 (E.D. Cal. Nov. 8, 2013).

With regard to the fifth *Eitel* factor regarding the possibility of dispute concerning material facts, no genuine dispute of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendant has submitted nothing to contradict the well-pled allegations. The sixth factor also weighs in favor of granting default judgment, as there is no evidence Defendant's failure to participate in the litigation is due to

---

[1] Plaintiff also pled counts for violation of 47 U.S.C. § 553 and violation of the California Business and Professions Code § 17200. In the motion for default judgment, however, Plaintiff does not seek an award of damages pursuant to these claims.

excusable neglect.

Lastly, while the policy favoring decisions on the merits inherently weighs strongly against awarding default judgment in every case, in the aggregate, this factor is outweighed in consideration of the other applicable factors that tip in favor of granting default judgment.

Accordingly, it is RECOMMENDED that Plaintiff's request for default judgment against Defendant be GRANTED.

**2.    Damages**

Plaintiff seeks damages pursuant to 47 U.S.C. § 605(e)(C)(i)(II) (statutory damages) and 47 U.S.C. § 605(e)(3)(C)(ii) (enhanced statutory damages) in the amount of $110,000, and $1,600 for conversion.

**a.    Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II)**

Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 605(e)(C)(i)(II) and enhanced statutory damages pursuant to Section 605(e)(3)(C)(ii). (Doc. 10-1, 11:13-19:4.)  Pursuant to Section 605(a), "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission of reception. . . ."  Those who violate this Section are subject to the following civil penalty:

> [T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4)[2] of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff seeks to be awarded the maximum allowance for statutory violations, totaling $10,000 under Section 605(e)(C)(i)(II). Plaintiff requests that the Court note the specific facts of this case: (1) Defendant displayed the Program on at least 21 large-screen televisions in his

---

[2] Paragraph 4 relates to persons who manufacture, assemble, modify, import, export, sell, or distribute any device or equipment knowing that the equipment is primarily of assistance in the unauthorized description of satellite cable programming.  Plaintiff does not assert that Paragraph 4 is applicable in this case.

6

establishment; (2) the capacity of Defendant's establishment was 200 persons, and (3) three separate headcounts by Plaintiff's investigator revealed that 88, 85, and 90 persons were present on September 22, 2012, between 8:08 p.m. and 8:11 p.m. (Doc. 10-1, 11:19-27; *see also* Decl. of Affiant, Doc. 10-3, p. 2.)[3]

Courts have taken several different approaches when considering the appropriate amount of damages to award under Section 605(e)(C)(i)(II). In *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198-99 (N.D. Cal. 2000), the court awarded the statutory minimum of $1,000, finding that "distributors should not be overcompensated and statutory awards should be proportional to the violation," but noting that "a higher statutory award may be justified in cases where defendants are repeat offenders who have pirated similar Programs on previous occasions, and who need an especially severe financial deterrent." *Id.*

In *J & J Sports Prods., Inc. v. Betancourt*, No. 08CV937JLS (POR), 2009 WL 3416431, at *3-*4 (S.D. Cal. Oct. 20, 2009), the court considered Section 605's policy of deterring future violations but noted that "[i]n the absence of unusual or particularly egregious circumstances under which a defendant broadcast[s][a] fight, the Court will not award the statutory maximum in damages." *Id.* at *4 (quoting *Kingvision Pay-Per-View v. Guzman*, No. C 09-00217 CRB, 2009 WL 1475722, at *3 (N.D. Cal. May 27, 2009)); *see also J & J Sports Prods., Inc. v. Montano*, No. 1:12-cv-00738-AWI-SAB, 2013 WL 1680633, at *3 (E.D. Cal. Apr. 17, 2013) (noting the different approaches taken by courts); *J & J Sports Prods., Inc. v. Orellana*, No. 1:12-cv-01850-AWI-SMS, 2013 WL 3341001, at *4 (E.D. Cal. July 2, 2013) (citing over 15 district court cases awarding damages ranging from the statutory minimum of $1,000 to the maximum of $10,000).

Here, the evidence shows that Defendant's establishment was nearly half full at the time of the exhibition of the Program. (*See* Decl. of Affiant, Doc. 10-3, p. 2.) The establishment did not request a cover charge (*See* Decl. of Affiant, Doc. 10-3, p. 2), but the Program was displayed on more than 21 large screen televisions. Because of the fairly sizeable crowd as well as the number of televisions on which the Program was displayed, the Court RECOMMENDS that statutory

---

[3] Plaintiff's motion refers to 21 televisions, but the affidavit from Plaintiff's investigator notes 4 large screen televisions and 21 32- to 40-inch flat screen televisions.

damages be awarded in the amount of $8,000 pursuant to Section 605(e)(C)(i)(II).

### b. Enhanced Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)

Plaintiff further requests that significant enhanced statutory damages be awarded under Section 605(e)(3)(C)(ii) because Defendant's actions were willful and done for a commercial advantage. Section 605(e)(3)(C)(ii) provides that where "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section." Emphasizing the need for deterrence as to this Defendant and others, Plaintiff requests that it be awarded $100,000 in enhanced statutory damages.

With regard to enhanced statutory damages, there is no evidence that Defendant (1) advertised the broadcast of the Program to entice a larger crowd, (2) charged a cover to enter the establishment, or (3) charged a premium for food and drinks on the night the broadcast was shown. Moreover, Defendant has not been shown to be a repeat offender with regard to signal piracy.

Nevertheless, other factors weigh in favor of an enhanced damage award. The headcounts during the Program indicate Defendant's establishment was half-full during the time the Program was shown with nearly 100 people were present, and the Program was displayed on more than 21 large-screen television monitors. (*See* Decl. of Affiant, Doc. 10-3, p. 2.) Additionally, Plaintiff contends that nominal damages have proven insufficient to combat piracy and that willful violators of applicable statues must be held accountable for a substantial amount above the market value of the sublicense fee to broadcast the Program. (Doc. 10-1, 19:6-20:1.) Balancing these factors, and particularly the deterrent effect enhanced damages are meant to provide, the Court RECOMMENDS that enhanced statutory damages be awarded pursuant to Section 605(e)(3)(C)(ii) in the amount of $5,000. *See J & J Sports Prods., Inc. v. Molayem*, 1:10-cv-02890-LJO-SKO, 2012 WL 5948931, at *6-7 (E.D. Cal. Nov. 28, 2012) (recommending $2,000 in enhanced statutory damages where the program was shown in an area that accommodated 80 people and displayed on less than five television monitors).

**2.      Damages for Conversion**

Plaintiff seeks $1,600 in conversion damages – the value of the property at the time of the conversion.

Under California law, conversion is the wrongful exercise of dominion over the property of another.  The elements of conversion are, "the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Greka Integrated, Inc.*, 133 Cal. App. 4th at 1581; *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc*., 958 F.2d 896, 906 (9th Cir. 1992). "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." *Gilman v. Dalby*, 176 Cal. App. 4th 606, 615 n.1 (2009).  Exclusive right to distribute a broadcast signal to commercial establishments constitutes a "right to possession of property" for purposes of conversion. *See Don King Prods./Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (misappropriation of intangible property without authority from owner is conversion); *see also DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (concluding that the right to distribute programming via satellite constituted a right to possession of personal property for purposes of a conversion claim under California law.)

The rate card for the Program at an establishment with a seating capacity of 176 to 200, which applies to Defendant's establishment, indicates the sub-license fee for the Program would have been $1,600.  (Doc. 11, Hand Decl., Exhibit 2, p. 27.)  Thus, Plaintiff is entitled to damages for conversion in the amount of $1,600.

**IV.     CONCLUSION AND RECOMMENDATION**

Based on a consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS as follows:

1.      Plaintiff's motion for default judgment be GRANTED;

2.      Judgment be entered in this action against Defendant Parampal Singh, individually and doing business as McHenry's Bar & Restaurant, as follows:

   a.      $8,000 statutory damages for violation of 47 U.S.C. § 605; and

9

   b.  $5,000 enhanced statutory damages for violation of 47 U.S.C. § 605; and

   c.  $1,600 in conversion damages.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 27, 2014**      /s/ Sheila K. Oberto
                  UNITED STATES MAGISTRATE JUDGE